Filed 1/30/26  P. v. Lara CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085685 |
| v. | (Super.Ct.No. FVI19000897) |
| MATTHEW ANDREW LARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Dismissed.

Matthew Andrew Lara, in pro. per.; Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Matthew Andrew Lara appeals from the trial court's order denying his postjudgment motion, which he filed in propria persona several years after the jury's verdict convicting him of attempted voluntary manslaughter (Pen. Code,

1

§§ 664, 192, subd. (a)) as a lesser included offense of attempted murder (*id.*, §§ 664, 187, subd. (b)), among other offenses.[1] Defendant filed his motion under section 1172.1 "to Correct" what he claimed was his unauthorized sentence. He asserted his sentence was incorrect and unauthorized on several grounds, including for lack of corpus delicti and under the Racial Justice Act (RJA).

On appeal, defendant's appointed appellate counsel asks us to review the matter under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), or, alternatively, to treat defendant's appeal in our discretion as a petition for a writ of mandate. Defendant has also filed his own supplemental appellate brief. (*Id.* at p. 232.) We briefly explain *post* that dismissal of the appeal is required under this court's precedent in *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*) and *People v. Boyd* (2024) 103 Cal.App.5th 56 (*Boyd*). Nothing in defendant's brief undermines this conclusion, nor is writ treatment appropriate. We therefore dismiss the appeal.

## BACKGROUND

In addition to finding defendant guilty of attempted voluntary manslaughter in count 1, the jury convicted him of misdemeanor violation of a domestic relations court order (§ 273.6, subd. (a); count 2) and illegally possessing a firearm as a felon (§ 29800, subd. (a)(1); count 3). The jury found two firearm allegations to be true on count 1: personally and intentionally discharging a firearm (§ 12022.53, subd. (c)) and personal use of a firearm (*id.*, subd. (b)). The court scheduled a bifurcated bench trial on multiple

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

prior conviction allegations, two of which the court found true as reflected in the sentence it imposed. In October 2019, the court sentenced defendant to an aggregate term of 15 years four months in prison. This included doubling of the principal term on count 1 for the prior strike the court found true (criminal conspiracy; § 182, subd. (a)(1)), and further included the penalty terms for defendant's prior serious felony conviction (§ 667, subd. (a)) and one added firearm enhancement on count 1 under section 12022.5, subdivision (a), in place of the two under section 12022.53 that the trial court dismissed.

More than five years later, defendant filed his section 1172.1 motion. Defendant requested that his "sentence be corrected" in several respects. This included reducing his sentence by "amending" his conviction from attempted manslaughter to assault, imposing only the low term for assault, and staying his lone felon-in-possession conviction under section 654. Defendant argued this was required because he "fired only one bullet at close point-blank range between his former girlfriend and her new boyfriend," missing them both, and was thus "overcharged with attempted manslau[gh]ter . . . rather than assault for his attempt to 'scare or harass' the victim and her new boyfriend." Defendant also suggested in his motion that the court "consider" dismissing his 5-year prior serious felony punishment. Defendant noted in conclusion that, if necessary, he "retain[ed] the right of appeal . . . the court's refusal to correct this unauthorized sentence."

The trial court denied defendant's motion in a subsequent minute order, finding it had "no jurisdiction to consider this motion." The court indicated defendant's "remedy" for alleged error in his sentence was by "writ or appeal."[2]

Defendant appealed, and this court appointed appellate counsel. After reviewing the record and applicable law, defendant's counsel subsequently filed a no-issue brief. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232 [where counsel could identify no issue of arguable merit in appeal from postconviction proceedings, independent review was in appellate court's discretion].) Counsel did not argue against his client, but instead set forth a statement of the case, a statement of facts, and attested he found no issues to advance on appeal, including after consultation with Appellate Defenders, Inc. Counsel noted one issue for our potential independent review: Whether the trial court erred by denying defendant's postjudgment motion under section 1172.1 and the RJA on the basis that it lacked jurisdiction?

We gave defendant the opportunity to file a personal supplemental brief, and he has done so. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [absent a supplemental brief, the appellate court "may dismiss the appeal as abandoned"].)

## DISCUSSION

Defendant's appeal of the denial of his postjudgment motion seeking correction of his sentence must be dismissed. (See *People v. Burgess* (2022) 86 Cal.App.5th 375, 381,

---

[2] The court did not specify in its order whether by "appeal" it meant defendant's right to appeal from his original conviction and sentence, nor did the court mention any specific writ avenue.

4

302 Cal.Rptr.3d 461 [" 'a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm' "]; *Faustinos*, *supra*, 109 Cal.App.5th at pp. 695-696 [trial court's ruling declining to act on the defendant's statutorily unauthorized petition was not appealable and required dismissal of appeal]; *Boyd*, *supra*, 103 Cal.App.5th at pp. 66-71 ["Because the defendant's 'freestanding motion' was 'not a proper procedural mechanism to seek relief,' the court dismissed the appeal"]; *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1124 [when "the court lack[s] jurisdiction on the only . . . issue raised, the appropriate disposition is dismissal of the appeal"].)

Defendant's invocation of section 1172.1 to redress alleged sentencing errors under the RJA and other bodies of law does not aid him. To the contrary, section 1172.1 specifically provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

As this court explained in *Faustinos*, because a defendant-initiated petition is not authorized by section 1172.1, such a motion "carries neither a right to a resentencing nor an obligation for the court to consider initiating one." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 696.) It follows that a trial court order declining to grant relief on the unauthorized petition "does not affect the defendant's substantial rights," "whether couched as a denial, dismissal, or any other statement that the court is not acting." (*Ibid.*; see also, e.g., *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045 ["we agree with the

5

growing body of caselaw concluding a trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights"].) Defendant, however, premises his appeal here on section 1237, subdivision (b), which provides that a defendant may appeal from any postjudgment order that affects the substantial rights of the party. It follows that because the trial court's order did not affect defendant's substantial rights, it therefore was not appealable, and defendant's appeal must be dismissed. (*Faustinos*, at p. 697 ["there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition"].)

Defendant's broad alternate suggestion in his supplemental brief that a trial court always has "inherent authority" to correct an allegedly unauthorized sentence also fails here. As this court explained in *Boyd*: "[T]he availability of habeas relief to correct unauthorized sentences suggests that trial courts do not have inherent jurisdiction to correct such sentences, as habeas relief would be superfluous if a freestanding trial court motion could at any time achieve the same result without the procedural limitations that habeas law imposes." (*Boyd*, *supra*, 103 Cal.App.5th at p. 68.)

Thus, there is no proper basis for defendant's appeal, and we discern no persuasive reason to depart from *Faustinos* or *Boyd.* (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9 ["Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division"].) We also decline appellate counsel's bare request to treat defendant's appeal as a petition for a writ of mandate—to thereby reach the merits of defendant's sentencing complaints. Defendant may not evade in this manner the restrictions the

Legislature enacted in section 1172.1, nor is there any reason to bypass the habeas corpus procedural requirements noted in *Boyd*.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER\
J.

We concur:

McKINSTER\
Acting P. J.

CODRINGTON\
J.